Opinion issued March
1, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01060-CR

____________

 








CARYL BROOMFIELD, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1325762 

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Caryl Broomfield, Jr., pleaded guilty to the state
jail felony offense of possession of a controlled substance[1]
and pleaded true to the allegations in two felony enhancement paragraphs.[2]  The trial court found appellant guilty, found
the enhancements true, and, in accordance with the terms of appellant’s plea
bargain agreement with the State, sentenced appellant to confinement for five
years in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.  We
dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The record supports the trial court’s
certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P.
47.2(b).    











[1]         See Tex.
Health & Safety Code Ann. § 481.115(a), (b) (West 2010).





[2]         See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734,
2734-35, amended by Act of May 25,
2011, 82nd Leg., R.S., ch. 834, §§ 2, 5, 2011 Tex.
Gen. Laws 2104, 2104-05 (current version at Tex.
Penal Code Ann. § 12.425(b)
(West Supp. 2011)).